# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 19, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2022AP2081**

**STATE OF WISCONSIN**

Cir. Ct. No.  2020JC26

**IN COURT OF APPEALS
DISTRICT II**

IN THE INTEREST OF A.M.M., A PERSON UNDER THE AGE OF 17:

WAUKESHA COUNTY,

    PETITIONER-RESPONDENT,

  V.

C.M.M.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: LLOYD CARTER, Judge. *Affirmed.*

¶1     GUNDRUM, P.J.[1] Charles[2] appeals pro se from an order of the circuit court. He asks

> [w]hether it was procedurally improper as a matter of law for the Criminal Division Judge to assume the position as substitute judge to adjudicate over Juvenile Division matters involving Child Placement Custody without having had obtained approval either from the assigned Juvenile Division Judge or from the Chief Judge in accordance with the prescribed provisions of [WIS. STAT. §] 801.58(2).

For the following reasons, we affirm.

## *Background*

¶2     In October 2020, Charles' son Adam[3], who had already been placed in out-of-home care, was determined by the circuit court to be a child in need of protection and services. That dispositional order was subsequently extended.

¶3     Following a Waukesha County judicial rotation, Judge Laura Lau was assigned to Adam's case on August 1, 2022. On August 4, 2022, the Guardian ad Litem (GAL) for Adam filed a request for judicial substitution, citing WIS. STAT. §§ 48.29(1) and 801.58(1), which request Judge Lau approved the following day. On August 9, 2022, Charles filed an objection to the substitution, asserting that substitution is not supported by ch. 48 under the circumstances of this case. That same day, the order reassigning the case to Judge Lloyd Carter was signed, and it was filed on August 10, 2022.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Charles is a pseudonym for C.M.M.

[3] Adam is a pseudonym for A.M.M.

2

¶4    On August 31, 2022, the Waukesha County Department of Health and Human Services filed a request to revise the dispositional order related to Adam so that Charles would have no more visits with him.  Judge Carter held a hearing on the request on October 7, 2022, and thereafter revised the dispositional order.  On October 27, 2022, Charles moved for reconsideration, including requesting that the case be transferred back to Judge Lau.  In a November 11, 2022 written order, Judge Carter denied Charles' reconsideration motion.  Charles appeals.

## *Discussion*

¶5    Charles claims the circuit court erred in this case when it allowed "a Criminal Division Judge … to substitute himself in the place of the assigned Juvenile Division Judge" and adjudicate this juvenile division matter related to child custody and placement.  He claims, inter alia, that the substitution of Judge Carter to this case was invalid because Judge Carter was assigned to the criminal, not juvenile, division, and the substitution request was not "approv[ed] either [by] the assigned juvenile division judge or from the Chief Judge in accordance with the prescribed provision of [WIS. STAT. §] 801.58(2)."  For the following reasons, we see no error, and we affirm.

¶6    Charles fails to develop a legal argument as to why Judge Carter, a judge in the criminal division, could not properly be assigned to preside over this matter from the juvenile division, and we will not abandon our neutrality to try to find and develop a legal argument for him.  *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.  As the appellant, Charles bears the burden of demonstrating how the

circuit court erred, and he has failed to carry that burden. *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.

¶7 Furthermore, Charles has failed to develop any argument that convinces us of an error in the procedures employed for substituting Judge Carter in place of Judge Lau on this case. Both WIS. STAT. §§ 48.29(1m) and 801.58(2) provide:

> When the clerk receives a request for substitution, the clerk shall immediately contact the judge whose substitution has been requested for a determination of whether the request was made timely and in proper form. If the request is found to be timely and in proper form, the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under [WIS. STAT. §] 751.03.

Sections 48.29(1m) and 801.58(2) thereafter respectively continue: "If no determination is made within 7 days, the clerk shall refer the matter to the chief judge of the judicial administrative district for determination of whether the request was made timely and in proper form and reassignment as necessary" and

> If the judge named in the substitution request finds that the request was not timely and in proper form, that determination may be reviewed by the chief judge of the judicial administrative district … if the party who made the substitution request files a written request for review with the clerk no later than 10 days after the determination by the judge named in the request. If no determination is made by the judge named in the request within 7 days, the clerk shall refer the matter to the chief judge … for determination of whether the request was made timely and in proper form and reassignment as necessary. The newly assigned judge shall proceed under [WIS. STAT. §] 802.10(1).

Here, the case was assigned to Judge Lau on August 1, 2022, and the GAL filed the substitution request on August 4, 2022. Judge Lau timely acted on the request,

4

approving it on August 5, 2022, and Judge Carter was assigned as the new judge in the case on August 9, 2022.

¶8      As both statutes indicate, once Judge Lau approved of the judicial substitution request on August 5, and in doing so implicitly found the GAL's request for substitution "to be timely and in proper form," Judge Lau then had "no further jurisdiction" to act in the case, and Judge Carter was then assigned to it. *See* WIS. STAT. §§ 48.29(1m), 801.58(2).   And as WIS. STAT. § 751.03(3) provides, "any circuit judge within the district" may be assigned "to serve in any circuit court within the district."[4]

¶9      For the foregoing reasons, we see no error by the circuit court, and we affirm.

        *By the Court.*—Order affirmed.

        This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4]   Charles appears to raise numerous mini "issues" throughout his briefing, none of which are sufficiently developed.  To the extent we do not specifically address an issue, the issue is rejected.  *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal."); *Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").